J-S16006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DALIYL RAA'ID MUHAMMAD | : | |
| | : | |
| Appellant | : | No. 1533 MDA 2024 |

Appeal from the Order Entered September 27, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0002967-2002

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DALIYL RAA'ID MUHAMMAD | : | |
| | : | |
| Appellant | : | No. 1534 MDA 2024 |

Appeal from the Order Entered September 27, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003009-2002

BEFORE: LAZARUS, P.J., BOWES, J., and LANE, J.

JUDGMENT ORDER BY LAZARUS, P.J.:     **FILED: MAY 27, 2025**

Daliyl Raa'id Muhammad appeals, pro se, from the order, entered in the Court of Common Pleas of Dauphin County, "not entertaining" Muhammad's "Motion to Correct Sentence." After careful review, we quash.

The factual and procedural history of this case are mostly irrelevant. Muhammad's judgment of sentence became final on September 15, 2004, when the time to file a petition for allowance of appeal in our Supreme Court

expired.[1] Thus, the time within which he could file a timely PCRA petition expired on September 15, 2005. *See Commonwealth v. Muhammad*, 188 A.3d 542 (Pa. Super. 2018) (Table).

Instantly, on June 13, 2024, Muhammad, acting pro se, filed a "Motion to Correct Sentence," in which he argued that the trial court erred in fashioning his sentence. *See* Motion to Correct Sentence, 6/13/24, at 1-4. On September 27, 2024, the trial court entered an order stating "[I]t is hereby ORDERED that: Defendant's Motion to Correct [S]entence shall not be entertained as the [c]ourt lacks jurisdiction to consider an untimely post[-]sentence motion." Order, 9/27/24. Muhammad filed the instant notice of appeal.[2] The trial court did not order the preparation of a Pa.R.A.P. 1925(b) concise statement and Muhammad did not file one.

Prior to addressing Muhammad's claim, we must address whether we have jurisdiction to entertain this appeal. *Commonwealth v. Parker*, 173

---

[1] Muhammad subsequently filed several PCRA petitions, all of which were denied. Most recently, Muhammad filed an appeal on October 4, 2019, from the trial court's September 13, 2019 order denying his motion to vacate the trial court's October 2003 order denying his post-sentence motions.

[2] We observe that Muhammad's "Motion to Correct Sentence" contains claims that fall under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, and, therefore, the PCRA court should have treated Muhammad's filing as a facially untimely PCRA. *See* 42 Pa.C.S.A. § 9542 ("action established in this subchapter **shall be the sole means of obtaining collateral relief** and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect") (emphasis added). Nevertheless, the trial court entered the above-mentioned order "not entertaining" Muhammad's motion. *See* Order, 9/27/24.

A.3d 294, 296 (Pa. Super. 2017) ("A court may consider the issue of jurisdiction sua sponte.") (citation omitted).

Our Rules of Appellate Procedure generally require that an order be final before it becomes appealable as of right. *See* Pa.R.A.P. 341. In particular, Rule 341 provides as follows:

**(a) General Rule.** Except as prescribed in subdivision[] (e) of this rule, an appeal may be taken as of right from any final order of a government unit or trial court.

**(b) Definition of Final Order.** A final order:

(1) disposes of all claims and of all parties; [or]

* * *

(4) is an order pursuant to subdivision (f) of this rule.

* * *

**(f) Post Conviction Relief Act Orders.**

(1) An order granting, denying, dismissing, or otherwise finally disposing of a petition for [PCRA] relief shall constitute a final order for purposes of appeal.

(2) An order granting sentencing relief, but denying, dismissing, or otherwise disposing of all other claims within a petition for [PCRA] relief, shall constitute a final order for purposes of appeal.

Pa.R.A.P. 341(a), (b), (f).

Instantly, as emphasized above, the trial court's order **does not** deny, dismiss, or otherwise dispose of Muhammad's motion, but rather refuses to rule on it **at all**. *See* Order, 9/27/24. Further review of the docket reveals that Muhammad's motion was not denied, dismissed, or otherwise ruled on,

but apparently held in abeyance in perpetuity. We note that the trial court should have treated Muhammad's motion as a facially untimely PCRA petition and either issued Pa.R.Crim.P. 907 notice of intent to dismiss or conducted other PCRA proceedings as deemed pertinent. Furthermore, we expressly disapprove of the trial court's use of an "order non-entertaining" in this context and we conclude that, pursuant to Rule 341, it is **not a final order**. Accordingly, we are constrained to quash Muhammad's appeal.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/27/2025